Emily A. Rice
Bar I.D. No. 344012021
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Rice@leasonellis.com

*Attorneys for Plaintiff*
*electroCore, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELECTROCORE, INC.,** | |
| *Plaintiff*, | Civil Action No. 2:23-cv-2826 |
| v. | **DEMAND FOR JURY TRIAL** |
| **HOOLEST PERFORMANCE TECHNOLOGIES, INC.,** *Defendant*. | |

## COMPLAINT

Plaintiff electroCore, Inc. ("electroCore" or "Plaintiff"), by and through its undersigned attorneys, hereby bring this Complaint against Defendant Hoolest Performance Technologies, Inc. ("Hoolest" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     This action arises from unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair

competition and trademark infringement under the common laws of the State of New Jersey.

## THE PARTIES

2.     Plaintiff electroCore is a Delaware corporation registered to do business in New Jersey, with its principal place of business located at 200 Forge Way – Suite 205, Rockaway, New Jersey 07866.

3.     Defendant Hoolest is a Delaware corporation, with its principal place of business located at 2398 E. Camelback Rd. STE 1020, Phoenix, AZ 85016, and its principal office address at 1675 S. ST, STE B, Dover, DE, 19901.

4.     Defendant Hoolest makes, sells, offers for sale in the United States, and imports into the United States, devices used for non-invasive vagus nerve stimulation.

5.     Defendant Hoolest transacts business in New Jersey.

6.     The parties are competitors in the non-invasive vagus nerve stimulation market.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338.  In addition, this Court has supplemental jurisdiction over all pendent state and common law claims set forth herein pursuant to 28 U.S.C. § 1367(a).

8.     This Court has personal jurisdiction over Defendant because it purposefully availed itself of the privilege of conducting business in this state, it invoked the benefits and protections of this state, and Defendant's actions in this state resulted in injury to Plaintiff giving rise to this action.

9.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), (c)(2), and (d) because Defendant does business in this judicial district, has caused injury within this judicial district, and/or a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred and continue to occur in this judicial district and elsewhere throughout the United States.

## FACTS COMMON TO ALL COUNTS

10.     electroCore is a medical device company focused on harnessing the power of non-invasive vagus nerve stimulation ("nVNS") to help patients who suffer from pain and chronic conditions with innovative technology to deliver clinically backed treatment options and improved quality of life.  It was co-founded in 2005 by JP Errico, Thomas J. Errico, MD, former president of the North American Spine Society, Charles Theofilos, MD, and Peter Staats, MD, former president of the North American Neuromodulation Society, who shared a mutual belief that neuromodulation represented a tremendous opportunity for safer and more effective treatments for patients across a variety of conditions.

11.   By 2010, the innovators at electroCore had discovered a non-invasive way of delivering vagus nerve stimulation (nVNS) which enabled the delivery of nVNS for both acute and prophylactic treatments of various patient conditions.  This discovery led to the development of its gammaCore® product, a handheld nVNS device, which was commercially launched in Europe in 2012, following receiving European Union's CE-Mark approval on September 26, 2011, for the treatment of headaches, and in the United States in July 2017, following the U.S. Food and Drug Administration ("FDA")'s release for use in April 2017, for the acute treatment of pain associated with episodic cluster headache in adult patients.

12.   As a leading innovator in nVNS, electroCore also developed the gammaCore® Sapphire® nVNS device, a second-generation product, which is the first and only non-invasive device cleared by the FDA to treat and prevent multiple types of headache pain via the vagus nerve.  Like the original gammaCore® device, it is a small, handheld device that is portable and usable for quick and easy treatments for acute use, for example, a few two-minute treatments by which patients see fast-acting, long-lasting pain relief, and for prophylactic use, for example, treatment two times a day (morning and night).  Commercial sales of the gammaCore® Sapphire® nVNS device began in Europe and the United States in 2018.

13.   Currently, the FDA has now cleared the gammaCore® products for the treatment of migraines, cluster headaches, Hemicrania Continua ("HC") and

Paroxysmal Hemicrania ("PH").   In addition, in July 2020, the FDA granted electroCore an Emergency Use Authorization (EUA) authorizing the use of the gammaCore® Sapphire® nVNS therapy at home or in a healthcare setting to acutely treat adult patients with known or suspected COVID-19 who are experiencing exacerbation of asthma-related dyspnea and reduced airflow, and for whom approved drug therapies are not tolerated or do not provide sufficient symptom relief.

14.   On December 20, 2022, electroCore launched its Truvaga™ nVNS product, which is a non-prescription product directed to restoring homeostasis, reducing stress, and enhancing mood, focus, and sleep using electroCore's proven proprietary technology to activate the vagus nerve.

15.   electroCore has developed an extensive intellectual property portfolio on its nVNS technology, with more than 200 patents and patent applications worldwide covering many areas of electroCore's technology, including the proprietary signal, methods of treatment, non-invasive delivery devices, and mechanisms of central action.

16.   electroCore has registered trademarks for GAMMACORE, U.S. Registration No. 4092205, and GAMMACORE SAPPHIRE, U.S. Registration No. 5897664.

17.    electroCore, Inc. has filed applications to register two marks associated with its Truvaga™ product, *i.e.*, U.S. Application Nos. 97648385 and 97683620.

18.    In developing gammaCore® and since gammaCore®'s launch in 2015, electroCore has spent $105,920,542 on sales and marketing expenses related to the gammaCore® product.

19.    electroCore's advertising and marketing efforts have led to $25,199,012 in revenue over the last thirteen years, making gammaCore® one of the leading medical devices for treatment of migraines and related conditions using nVNS.

20.    Since Truvaga™'s launch in 2020, electroCore has spent $1,139,541.00 on sales and marketing expenses related to the Truvaga™ product.

21.    electroCore's advertising and marketing efforts have led to $168,587 in gross revenue over the last two quarters (Fourth Quarter 2022 and First Quarter 2023).

22.    Hoolest states that it was founded in 2018 and presents itself as a company that provides drug free nVNS products to help individuals slow down and mentally recover from stressful days, experiences and events so as not to be limited by stress and anxiety.

23.    Hoolest currently sells and offers for sale products known as VeRelief Prime and VeRelief Mini, (collectively the "Hoolest Products").  Hoolest has

historically sold two additional products VeRelief and VeRelief Pro, which on information and belief, have since been discontinued.  Representative images of the Hoolest Products are set forth below:



24.    Upon information and belief, Hoolest is responsible for design and manufacture of all the aforementioned VeRelief products.

25.    Hoolest competes with electroCore in the nVNS market, although none of Hoolest's Products have obtained FDA approval or release for patient safety or for use in treating any of the indications for which electroCore's gammaCore® products have been approved.  For example, Hoolest directly compares at least its VeRelief Prime product to electroCore's gammaCore® nVNS devices as an alternative, stating that "both products are used to treat similar health conditions" and "achieve their intended benefit by stimulating the vagus nerve," and that consumers can "make an informed decision about which one is best for [them] and [their] specific needs."  *See* https://hoolest.com/blogs/news/verelief-prime-vs-gammacore (last accessed May 6, 2023).  Hoolest also compares its VeRelief products to electroCore's gammaCore® nVNS device, stating, "[i]f you are looking for a drug-free relaxation tool that can help you quickly recover from a stress

response or anxiety episode, VeRelief is a great option to consider. It is user-friendly, convenient, and has no time limit for sessions." *Id.*

26.    Hoolest describes its VeRelief Prime product as follows:

VeRelief Prime is a high-powered, self-applied nerve stimulation tool capable of targeting the vagus and other peripheral nerves.

Slightly larger than the Mini, it is highly portable and can be used discreetly in any public, private, or clinical environment. Its higher maximum power output allows for faster therapeutic effects.

It contains 5 modes of operation, each uniquely designed to provide rapid relaxation, boost mood, or reduce elevated sympathetic nervous system activity using the combined mechanisms of controlled slow breathing paced by afferent vagus nerve stimulation.

## Specifications

- Wireless and portable
- Large electrodes for maximized comfort and use life
- 5 modes of operation (8Hz, 25Hz, 100Hz, 100Hz with 6-oscillations/minute, 100Hz with 3-oscillations/minute)
- 15 hours of battery life at continuous max output
- Size of a computer mouse

## Use Cases

8Hz Mode: for Median Nerve Stimulation (pain, nausea, etc.)

25Hz Mode: for Trigeminal Nerve Stimulation (headache, focus, etc.)

100Hz Modes: for auricular Vagus Nerve Stimulation (nervous system recovery, relaxation, improve sleep, boost mood, etc.)

---

https://hoolest.com/collections/devices/products/verelief-prime (last accessed May 6, 2023). Hoolest's webpage presents a diagram of the three use cases for the VeRelief Prime as follows:



*Id.* Hoolest also provides a photograph of a person demonstrating use of a VeRelief Prime applied to her neck, as follows:



27.   Hoolest describes its VeRelief Mini product as follows:

## Rapid Relaxation - Anytime, Anywhere

VeRelief Mini is a substance-free rapid mental recovery tool for people that go.

It uses gentle electrical impulses to stimulate a small branch of the vagus nerve in and around the ear area (auricular branch) that feel amazing and safely calm the nervous system in seconds.

It is small, portable, and can be used discreetly in any environment. Take VeRelief Mini with you everywhere and go with confidence!

## Use Cases

- Recover from a "fight or flight" response
- Before bed to fall asleep
- Calm a racing mind
- Stop a panic attack
- Use the built-in slow breathing pacer to amplify the effects for a euphoric relaxation experience.

https://hoolest.com/products/verelief-mini (last accessed May 6, 2023).   Hoolest

also presents the below diagram showing the use case of a VeRelief Mini product:



*Id.*

28.    Hoolest has published multiple false and misleading statements in

promotional materials on its website, which upon information and belief, is

accessible nationwide, including in this District.

29.    Hoolest published promotional material comparing "VeRelief vs.

Gammacore," notably, without designating gammaCore® as a registered trademark

of electroCore.

30.    One such instance of Hoolest's promotional material can be found at

VeRelief Prime vs. Gammacore – Hoolest Inc. (published March 6, 2023, last

accessed May 7, 2023).

31.     Hoolest's purpose of this article was to "address some of the inherent limitations of the Gammacore device."  VeRelief Prime vs. Gammacore – Hoolest Inc. (last accessed May 7, 2023).

32.     Hoolest falsely states that gammaCore "uses wet electrodes which makes the user experience unpleasant, and the devices is large and bulky and not easy to travel with and has a long set up time." *Id.*  Hoolest also falsely states in a separate publication that available nerve stimulators, including gammaCore, which is specifically referenced in the publication, have "poor user experience and low efficacy."  VeRelief vs. Other Vagus Nerve Stimulators – Hoolest Inc. (published March 10, 2023, last accessed May 7, 2023).

33.     Hoolest offers no factual basis to conclude that the user experience of gammaCore® is unpleasant.

34.     Hoolest offers testimonials from users on its website, none of which mention gammaCore®, let alone an unpleasant experience associated with gammaCore®.  *See* Testimonials and Reactions – Hoolest Inc. (last accessed May 7, 2023).

35.     Meanwhile, gammaCore® has prescribers and users detailing their positive experiences and ease of use.  *See* Patient and Provider Testimonials | gammaCore (nVNS) (last accessed May 7, 2023).

36.    Users of Truvaga™ have also detailed their positive experiences and ease of use.  *See* Reviews - Truvaga (last accessed May 8, 2023).

37.    Hoolest offers no factual basis to accurately show that gammaCore "is large and bulky and not easy to travel with."

38.    Information on gammaCore®'s website explains that the device is safe to travel with and recommends storing the device in carry-on luggage.  *See* gammaCore FAQs - gammacore (last accessed May 7, 2023).

39.    Additionally, gammaCore® is a handheld device, so to state that it is "large and bulky" is incorrect, especially given the fact that Hoolest's products are also handheld devices.  *See* The VeRelief Collection – Hoolest Inc. (last accessed May 7, 2023).

40.    Importantly, Hoolest ignores electroCore's Truvaga™ device, which is a non-prescription item treating stress, among other things, making it undoubtedly a direct competitor with Hoolest, when comparing Hoolest's products to other nVNS products.

41.    Hoolest offers no factual basis to accurately show that gammaCore® "has a long set up time."

42.    gammaCore®'s treatment time only takes four to six minutes.  *See* gammaCore FAQs - gammacore (last accessed May 7, 2023).

43.    Hoolest falsely states that "Gammacore has an extremely high-power output, making this a dangerous product for a large population of people." VeRelief vs. Other Vagus Nerve Stimulators – Hoolest Inc. (published, March 10, 2023, last accessed May 7, 2023).

44.    Relatedly, Hoolest falsely states that gammaCore® "can carry a higher risk of cardiac-related side effects." VeRelief Prime vs. Gammacore – Hoolest Inc. (last accessed May 7, 2023).  Hoolest also falsely states that "vagus nerve stimulators that target the cervical branch have many heart-related risks and contraindications whereas products like VeRelief that target the auricular branch do not." VeRelief vs. Other Vagus Nerve Stimulators – Hoolest Inc. (last accessed May 7, 2023).

45.    Hoolest offers no factual basis to accurately prove its reckless statement that gammaCore® is dangerous for many users because it has a high-power output. It is, in fact, Hoolest's statement that is dangerous because it has the intent and effect of detracting customers needing the therapeutic effects of gammaCore®.

46.    gammaCore®, being a medical device, is not without *potential* side effects, which include (i) application site discomfort, irritation, and redness; (ii) muscle twitching and/or contractions; (iii) local pain, face/head/neck area (including toothache); (iv) headache; (v) dizziness; and (vi) tingling, pricking, or a feeling of "pins and needles" on the skin where the device is applied.  *See* gammaCore FAQs - gammacore (last accessed May 7, 2023).

47.     None of these side effects include the "dangerous" cardiac-related side effects Hoolest falsely misrepresents.   VeRelief Prime vs. Gammacore – Hoolest Inc. (last accessed May 7, 2023).

48.     Hoolest fails to include any scientific or clinical research from which it bases its claims that gammaCore® is dangerous.  Making such extreme statements without any basis is reckless and intentionally harmful to electroCore's goodwill.

49.     Hoolest falsely states that "Gammacore also has a new non-prescription product called Truvaga they are now selling and claiming it helps with stress and anxiety relief, but the poor user experience, high cost, and high-risk location of stimulation makes this device cause more stress and anxiety that it relieves." VeRelief vs. Other Vagus Nerve Stimulators – Hoolest Inc. (last accessed May 7, 2022).

50.     Hoolest fails to include any factual basis to support its claims regarding poor user experience, high cost, expense, and high risk.  In fact, electroCore has had positive feedback regarding the user experience related to Truvaga™.  *See* Reviews - Truvaga (last accessed May 7, 2023).

51.     Additionally, the Truvaga™ product is available for purchase online at a price of $299, which is within the price range of products offered by Hoolest – VeRelief Mini ($199), VeRelief Prime ($399), VeRelief ($429, discontinued

sometime between September 25, 2022 and December 8, 2022)[1], and VeRelief Pro ($999, discontinued sometime between December 8, 2022 and January 28, 2023). *See* Truvaga - A hand-held vagus nerve stimulator (last accessed May 7, 2023)*; see also* The VeRelief Collection – Hoolest Inc. (last accessed May 7, 2023).

52.     Hoolest's, again, falsely and misleadingly represents the risk of one of electroCore's products.  electroCore has partnered with reputable research partners, including Johns Hopkins University, Mayo Clinic, Harvard University, Massachusetts General Hospital, Air Force Research Laboratory, and Emory University.  *See* Truvaga - Reduce Stress with Vagus Nerve Stimulation (last accessed May 8, 2023).  electroCore's research found that the side effects associated with use of Truvaga™ are (i) application site discomfort, irritation, and redness; (ii) muscle twitching and/or contractions; (iii) local pain, face/head/neck area (including toothache); (iv) mild headache; and (v) mild dizziness.  *See* Truvaga - Frequently Asked Questions (last accessed May 7, 2023).  These side effects do not present a "high risk" as Hoolest states.

---

[1] According to archived webpages for Hoolest's website accessible through the Wayback Machine, found on web.archive.org, the VeRelief product was available to purchase on September 25, 2022, but on December 8, 2022, Hoolest's website listed the VeRelief product as "discontinued"  *See* Hoolest Performance Technologies (archive.org) (September 25, 2022) and Hoolest Performance Technologies (archive.org) (December 8, 2022).

53.     Hoolest falsely states that "You basically need a large amount of power to fight the nerve from the outside, which causes severe and uncomfortable muscle contractions, and can even cause carotid artery restriction which could kill you." *Id.*

54.     Hoolest fails to include any factual basis to support its claims that there is a large amount of power needed by gammaCore® and by Truvaga™ nVNS devices that causes uncomfortable muscle contractions, and "can even cause carotid artery restriction *which could kill you*." *Id.* (emphasis added).  To falsely state, without any factual basis, that electroCore's products can cause death, despite not being a side-effect based on electroCore's scientific research, is intentionally harmful or extraordinarily reckless with the effect of deceiving consumers and harming electroCore's goodwill.

55.     Hoolest falsely and misleadingly states that gammaCore® is "very expensive." *Id.*

56.     In the March 6, 2023 promotional material, Hoolest compares the price of the VeRelief *mini*, available at $199 to gammaCore®, available at $50/month. *See* [VeRelief Prime vs. Gammacore – Hoolest Inc.](#)  Hoolest, conveniently and misleadingly, compared gammaCore® to its least expensive product line when Hoolest offers currently offers two products that range from $199 to $399.

57.     Upon information and belief, Hoolest made the foregoing false and misleading statements of fact with malice and/or a reckless disregard for the truth.

## <u>COUNT I</u>
## FALSE ADVERTISING UNDER 43(a)(1)(B) OF THE LANHAM ACT, 15 U.S.C. § 1125 (a)(1)(B)

58.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth at length herein.

59.     Defendant has made false, deceptive, and misleading representations in its promotional materials concerning the nature, characteristics, and quality of Plaintiff's gammaCore® nVNS products and the Truvaga™ nVNS product.

60.     Upon information and belief, Defendant has also verbally disseminated its false statements to consumers, investors, and prospective consumers and investors.

61.     Defendant's false statements relate to the quality, characteristics, and risks associated with Plaintiff's gammaCore® and Truvaga™ nVNS products.

62.     Defendant's statements on its website did misrepresent and/or will continue to misrepresent the quality, characteristics, and risks associated with Plaintiff's gammaCore® and Truvaga™ nVNS products.

63.     Defendant knew it was, at a minimum, reckless in making these representations, and also deliberately sought to damage Plaintiff's business relationships with existing and prospective consumers and investors.

64.     Such statements by Defendant constitute false and/or misleading descriptions and/or misrepresentations of facts in commerce.

65.   Defendant's use of false, deceptive, and misleading statements to promote sales of its VeRelief products have damaged the goodwill and reputation that Plaintiff's gammaCore® trademark has acquired over thirteen years in connection with the gammaCore® nVNS products.

66.   Defendant's use of false, deceptive, and misleading statements to promote sales of its VeRelief products have damaged the goodwill and reputation that Plaintiff's Truvaga™ trademark has acquired over the last year.

67.   Defendant's use of false, deceptive, and misleading statements of material fact to promote sales of its VeRelief products are the direct and proximate cause of economic injury to Plaintiff by, *inter alia*, diverting and/or suppressing sales of Plaintiff's gammaCore®'s prescription nVNS products and/or and Truvaga™'s non-prescription VNS product.

68.   Upon information and belief, Defendant knew or/or reasonably should have known that such statements were false and/or misleading.

69.   Such false and/or deceptively misleading statements and/or misrepresentations by Defendant have and/or are likely to influence consumers' purchasing decisions with respect to Defendant's products, thereby diverting revenue from Plaintiff to its competitor, Defendant, and allowing Defendant to wrongfully obtain profits.

70.    Defendant's acts of false advertising have injured and violated the rights of Plaintiff and caused it to lose customers, sales, market share, reputation, goodwill, and/or otherwise injured Plaintiff in an amount to be determined at trial.

71.    As a result of Defendant's aforementioned acts, Plaintiff has sustained monetary damage, loss, and injury in an amount to be determined at trial.

72.    Defendant has engaged in these activities willfully so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

73.    Defendant's aforementioned acts of false advertising have, and unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury for which Plaintiff has no adequate remedy at law, and therefore Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief against Defendant's further misleading conduct under 15 U.S.C. § 1116.

74.    Defendant's willfully and knowingly false statements and representations render this case exceptional, entitling Plaintiff to an award of reasonable attorney fees incurred in connection with this action under 15 U.S.C. § 1117.

### COUNT II
### UNFAIR COMPETITION UNDER N.J.S.A. § 56:8, *et seq.*

75.    Plaintiff repeats and realleges each of the foregoing allegations as if set forth at length herein.

76.     Defendant appropriated for its own use the name gammaCore® and the name Truvaga™ in violation of Section 56:8 of the New Jersey Statutes Annotated, making multiple false statements, thereby causing injury to Plaintiff.

77.     Defendant's false statements were published as promotional materials on Defendant's website, Hoolest Performance Technologies | Rapid Anxiety Relief – Hoolest Inc.  Specifically, Defendant's false statements are found at VeRelief vs. Other Vagus Nerve Stimulators – Hoolest Inc. (false statements regarding gammaCore® and Truvaga™) and VeRelief Prime vs. Gammacore – Hoolest Inc. (false statements regarding gammaCore®).

78.     These actions of Defendant were taken willfully, in bad faith, and with knowledge and/or recklessly, that the statements regarding Plaintiff's gammaCore® and Truvaga™ nVNS products were false.

79.     Defendant's false statements caused injury to Plaintiff.

## <u>COUNT III</u>
## COMMON LAW UNFAIR COMPETITION UNDER NEW JERSEY LAW

80.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth at length herein.

81.     This claim arises under the New Jersey common law of unfair competition.

82.     Defendant's use of gammaCore® and Truvaga™ is in violation of the New Jersey common law of unfair competition because it is likely to cause confusion, mistake, or deceive the public with its false statements.

83.     The actions of Defendant as alleged above constitute misappropriation of the goodwill of Plaintiff in violation of the common law of unfair competition of the State of New Jersey.

84.     Defendant's acts of unfair competition have injured and violated the rights of Plaintiff and caused Plaintiff to lose customers, sales, market share, goodwill, and/or otherwise injured Plaintiff in an amount to be determined at trial.

85.     Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this court.

86.     Plaintiff has no adequate remedy at law.

87.     Plaintiff demands all monetary and preliminary and permanent injunctive relief permitted by applicable law, including without limitation attorney fees and full costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A.     An Order declaring that:

> 1.     Defendant's use of gammaCore® and Truvaga™ in connection with Defendant's Goods in promotional materials, on its website to customers and prospective

customers constitutes false advertising under 15 U.S.C.
§ 1125(a)(1)(B).

2.    Defendant's use of gammaCore® and Truvaga™ in connection with Defendant's Goods in promotional materials, on the website to customers and prospective customers constitutes unfair competition under N.J.S.A. § 56:8.

3.    Defendant's use of gammaCore® and Truvaga™ in connection with the distribution, promotion, offer, and sale of Defendant's Goods constitutes unfair competition under common law.

B.    An award to Plaintiff of its attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117 and N.J.S.A. § 56:8-2 *et. seq.*

C.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial on all issues so triable by jury.

Dated:  May 24, 2023       Respectfully submitted,

Emily A. Rice
Bar I.D. No. 344012021
Robert M. Isackson (to be admitted *pro hac vice*)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: Rice@leasonellis.com
Isackson@leasonellis.com
lelitdocketing@leasonellis.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  May 24, 2023

Respectfully submitted,

Emily A. Rice
Bar I.D. No. 344012021
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: Rice@leasonellis.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 201.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint seeks an injunction.

Dated:  May 24, 2023

Respectfully submitted,

Emily A. Rice
Bar I.D. No. 344012021
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: Rice@leasonellis.com